IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JONATHAN SCOTT GRAHAM,           )<br>                                                       )<br>       Petitioner,                            )<br>                                                       )<br>v.                                                   )       Case No. CIV-25-390-D<br>                                                       )<br>UNITED STATES OF AMERICA, )<br>                                                       )<br>       Respondent.                         ) | |

## **ORDER**

Petitioner Jonathan Scott Graham, a pro se Oklahoma prisoner, brought this action seeking habeas relief pursuant to 28 U.S.C. § 2241 [Doc. No. 2]. The matter was referred to United States Magistrate Judge Amanda Maxfield Green for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C) [Doc. No. 9].

On April 8, 2025, the magistrate judge advised Petitioner that his petition was not on the proper form and that he had not provided the court with equivalent information required by the form [Doc. No. 10]. The magistrate judge ordered Petitioner to cure these deficiencies on or before April 29, 2025.

On May 13, 2025, the magistrate judge issued a Report and Recommendation [Doc. No. 12], in which she recommends that the Court dismiss this action without prejudice for Petitioner's failure to comply with the order to cure deficiencies. In her report, the magistrate judge notified Petitioner of his right to file an objection to the report on or before June 3, 2025, and that the failure to object waives Petitioner's right to appellate review of

1

both factual and legal issues contained in the report. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

Upon review of the file and noting no timely objection to the findings and recommendations of the magistrate judge, the Court **ADOPTS** the Report and Recommendation [Doc. No. 12] in its entirety.

For the reasons stated therein, Petitioner's Petition for Writ of Habeas Corpus [Doc. No. 2] is **DISMISSED WITHOUT PREJUDICE**.[1] A separate judgment shall be entered.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner. A COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would

---

[1] Petitioner has also filed a "Petition for Rule 59(e) Motion to Alter or Amend" [Doc. No. 11]. Although it is not clear what relief Petitioner seeks, the motion does not cure the deficiencies outlined in the magistrate judge's prior Order [Doc. No. 10]. Petitioner's motion [Doc. No. 11] is **DENIED** as **MOOT**.

find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is **DENIED**. The denial shall be included in the judgment.

    **IT IS SO ORDERED** this 9th day of June, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge